

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# USA v. Morrison

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1526

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Morrison" (2008). *2008 Decisions.* Paper 1076.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1076

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1526

UNITED STATES OF AMERICA

v.

GREGORY MORRISON
a/k/a Bahayh

Gregory Morrison,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-0582-1
(Honorable Eduardo C. Robreno)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2008
Before: SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed: June 3, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Gregory Morrison pleaded guilty to conspiracy, 18 U.S.C. § 371, and identity theft,

18 U.S.C. § 1028(a)(7), (b)(1)(D), (c)(3)(A), and (f). He appeals his judgment of

sentence.  Because Morrison knowingly and voluntarily waived his appellate rights in his plea agreement, we will affirm.

## I.

On January 26, 2007, the District Court imposed a sentence of 41 months, within the guidelines sentence range of 37 to 46 months, three years of supervised release, $11,596.27 of restitution, and a $200 special assessment.  Testimony was heard at the sentencing hearing concerning Morrison's medical condition.  Morrison is a paraplegic and confined to a wheelchair, and has suffered from various ailments related to his condition since being incarcerated.  The Court denied Morrison's motion for a downward departure under United States Sentencing Guideline § 5H1.4[1] and his request for a variance from the guidelines sentence range under 18 U.S.C. § 3553(a)(2)(D), which requires courts to consider the need for the sentence "to provide the defendant with needed . . . medical care . . . in the most effective manner."  Morrison filed a timely notice of appeal, contending the District Court failed to give meaningful consideration to 18 U.S.C. § 3553(a)(2)(D).  The Government then filed a motion to enforce the appellate waiver in Morrison's plea agreement and to dismiss the appeal.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).  We have subject matter jurisdiction

---

[1] USSG § 5H1.4 allows a district court to grant a departure based upon a defendant's physical condition.  Morrison does not appeal the Court's denial of his motion, which he concedes is not appealable.

over the appeal but refrain from exercising our jurisdiction to review the merits where a criminal defendant has effectively waived the right to appeal in a plea agreement. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

## II.

We enforce a waiver of the right to appeal if the waiver is entered into knowingly and voluntarily, unless it works a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). We strictly construe the language of the waiver, but if we find the waiver applies by its terms, it is the defendant's burden to show the waiver should not be enforced. *Id*. at 562–63. If the defendant fails to do so, we affirm without reaching the merits of the appeal. *Gwinnett*, 483 F.3d at 206. Our review is plenary. *Khattak*, 273 F.3d at 560.

Morrison's plea agreement contained an appellate waiver in which he agreed to waive his rights to appeal or collaterally attack his conviction or sentence.[2] The appeal

---

[2] The plea agreement states:

In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right of appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

    a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b. If the government does not appeal, then notwithstanding the waiver provision set forth in paragraph 7 above, the defendant may file a direct appeal but may raise only claims that:

(continued...)

falls within the language of the waiver, and no exception applies. The District Court

conducted a plea colloquy, as required by Fed. R. Crim. P. 11(b), and found Morrison

entered into the plea agreement knowingly, voluntarily, and intelligently. Morrison

agrees, but contends the waiver is ambiguous because the District Court, during the plea

colloquy, told Morrison he was giving up the right to appeal and could only appeal if the

District Court imposed an "illegal" sentence. Morrison contends the District Court

expanded the scope of the exceptions to his appellate waiver by telling him he could

appeal an "illegal" sentence. We disagree. It is clear from the record that the District

Court was summarizing the terms of the plea agreement to assure Morrison understood it.

The District Court is not required to recite the entire plea agreement, and Morrison

testified that he read the plea agreement, discussed it with his lawyer, understood the

agreement, and was promised nothing beyond what was laid out in the plea agreement.

Morrison cites *United States v. Tweeter* as support, but there the district court failed to

even discuss the appellate waiver provision with the defendant at the plea colloquy. 257

F.3d 14, 26–27 (1st Cir. 2001).

---

[2](...continued)
            1.  The defendant's sentence exceeds the statutory maximum; or
            2.  The sentencing judge erroneously departed upward from the
  otherwise applicable sentencing guideline range.
  If the defendant does appeal pursuant to this paragraph, no issue may be presented
  by the defendant on appeal other than those described in this paragraph.

Where, as here, the waiver is valid, we may only reach the merits to avoid a "miscarriage of justice." *Khatak*, 273 F.3d at 563. Morrison contends, because the Bureau of Prisons may not be able to adequately care for him, the sentence constituted a miscarriage of justice. The record does not support Morrison's speculative argument, and so we do not find a miscarriage of justice would result from enforcing the waiver.[3]

## III.

Because Morrison effectively waived his right to bring this appeal, we will affirm the judgment of conviction and sentence.

---

[3] Even if we could reach the merits, we would affirm. Morrison contends, first, that the District Court did not give meaningful consideration to "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . in the most effective manner . . . ." 18 U.S.C. § 3553(a)(2)(D). He believes this is evident from the District Court's lack of reference to § 3553(a)(2)(D) in its explanation of the sentence. Specific reference to each factor is unnecessary where the record makes clear the court took the factors into account. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). There was substantial testimony and argument on Morrison's need for better medical care. The Court found, in denying Morrison's motion for downward departure under USSG § 5H1.4, that the Bureau of Prisons would provide Morrison with adequate medical care. While this discussion was in reference to the downward departure, not the § 3553(a) factors, it is clear from the considerable evidence and discussion regarding Morrison's medical care that the District Court gave § 3553(a)(2)(D) meaningful consideration.

Morrison also contends the Court failed to take steps to obtain additional evidence to inform itself as to the exact nature of Morrison's physical impairment and related complications. The extensive testimony and evidence provided the Court with adequate evidence with which to consider the § 3553(a) factors.